IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TELECOMM INNNOVATIONS, LLC,

*Plaintiff*

v.

TP-LINK TECHNOLOGIES CO., LTD.
and TP-LINK USA CORPORATION,

*Defendants*

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Telecomm Innovations, LLC ("Telecomm" or "Plaintiff"), for its Complaint against Defendants TP-Link Technologies Co., Ltd. ("TP-Link Tech") and TP-Link USA Corporation ("TP-Link USA") (collectively, "Defendants"), alleges the following:

### NATURE OF THE ACTION

1.       This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.       Telecomm is a limited liability company organized under the laws of the State of Delaware with a place of business at 1209 Orange Street, Wilmington, Delaware 19801.

3.       Upon information and belief, TP-Link Tech is a corporation organized and existing under the laws of China, with its principal executive offices at South Building, No. 5 Keyuan Road, Central Zone, Science & Technology Park, Nanshan, Shenzhen, P. R. China Post code: 518057.  Upon information and belief, TP-Link Tech sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products

and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, TP-Link USA is a corporation organized and existing under the laws of the State of California, with its principal executive offices at 117 N. Sunset Avenue, City of Industry, California 91744.  Upon information and belief, TP-Link USA sells and offers to sell products and services throughout the United States, including in this judicial district and introduces products and services that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

8.      Upon information and belief, each Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Delaware.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,396,519

9.      Telecomm repeats and realleges the allegations of paragraphs 1 through 8 as if fully set forth herein.

10.      On March 7, 1995, U.S. Patent No. 5,396,519 Patent ("the '519 Patent"), entitled "Method and Apparatus for Adaptively Providing Precoding and Preemphasis Conditioning to

Signal Data for Transfer over a Communication Channel," was duly and legally issued by the United States Patent and Trademark Office.   A true and correct copy of the '519 Patent is attached as Exhibit A.

11.     Telecomm is the assignee and owner of the right, title and interest in and to the '519 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

12.     Upon information and belief, each of the Defendants has and continues to directly infringe one or more claims of the '519 Patent by using, and/or providing and causing to be used products that incorporate dial up modems or functionalities that perform the signal conditioning method claimed in the '519 Patent, including, without limitation, products such as TM-IP5600 and others (the "'519 Accused Instrumentalities").

13.     Defendants were made aware of the '519 Patent and their infringement thereof at least as early as the filing of this Complaint.

14.      At least as of the filing of this Complaint, each of the Defendants is, on information and belief, inducing infringement of one or more claims of the '519 Patent by, without limitation, making, using, importing, selling and/or offering for sale the '519 Accused Instrumentalities for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the '519 Accused Instrumentalities that promote and demonstrate how to use the '519 Accused Instrumentalities in a manner that would infringe the '519 Patent.

15.     Upon information and belief, at least as of the filing of this Complaint, each of the Defendants specifically intended to induce infringement by its customers and others by at least

the acts set forth in paragraph 14, knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement. Upon information and belief, Defendants' customers and others have infringed and are continuing to infringe the '519 Patent.

16.     Telecomm has been harmed by Defendants' infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,600,712

17.     Telecomm repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18.     On February 4, 1997, the 5,600,712 Patent ("the '712 Patent"), entitled "Enabling Technique for Quickly Establishing High Speed PSTN Connections in Telecommuting Applications," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '712 Patent is attached as Exhibit B.

19.     Telecomm is the assignee and owner of the right, title and interest in and to the '712 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

20.     Upon information and belief, each of the Defendants has and continues to directly infringe one or more claims of the '712 Patent by, without limitation, making, using, importing, selling and/or offering for sale products that incorporate dial up modems or functionalities claimed in the '712 Patent, including, without limitation, such as TM-IP5600, and others (the "'712 Accused Instrumentalities").

21.     Defendants were made aware of the '712 Patent and their infringement thereof at least as early as the filing of this Complaint.

22.     At least as of the filing of this Complaint, each of the Defendants is, on information and belief, inducing infringement of one or more claims of the '712 Patent by,

without limitation, making, using, importing, selling and/or offering for sale the '712 Accused Instrumentalities for use by customers and others and also providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the '712 Accused Instrumentalities that promote and demonstrate how to use the '712 Accused Instrumentalities in a manner that would infringe the '712 Patent.

23.     Upon information and belief, at least as of the filing of this Complaint, each of the Defendants specifically intended to induce infringement by its customers and others by at least the acts set forth in paragraph 22, knowing that such acts would cause infringement and/or were willfully blind to the possibility that their inducing acts would cause infringement.   Upon information and belief, Defendants' customers and others have infringed and are continuing to infringe the '712 Patent.

24.     Telecomm has been harmed by Defendants' infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Telecomm demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Telecomm demands judgment for itself and against Defendants as follows:

A.     An adjudication that Defendants have infringed the '519 Patent and the '712 Patent;

B.     An award of damages to be paid by Defendants adequate to compensate Telecomm for their past infringement of the '519 Patent and the '712 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs,

expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.      An award to Telecomm of such further relief at law or in equity as the Court deems just and proper.


Dated:  October 15, 2012                    STAMOULIS & WEINBLATT LLC

                                            */s/ Richard C. Weinblatt*
                                            Stamatios Stamoulis #4606
                                                stamoulis@swdelaw.com
                                            Richard C. Weinblatt #5080
                                                weinblatt@swdelaw.com
                                            Two Fox Point Centre
                                            6 Denny Road, Suite 307
                                            Wilmington, DE 19809
                                            Telephone: (302) 999-1540

                                            *Attorneys for Plaintiff*
                                            *Telecomm Innovations, LLC*